PETERSON, Judge.
Anthony Autilio appeals a judgment awarding attorney’s fees to Thomas Bowden as the prevailing party in an action initiated by Autilio against Bowden to cancel a judgment lien pursuant to section 701.04, Florida Statutes (1991).[1]
*183 Autilio’s one count complaint asked only for the cancellation of a judgment lien obtained by Bowden, Autilio’s attorney in 1988. Autilio alleged that he satisfied the judgment by making installment payments and rendering services to Bowden. However, he alleged, when he applied for unrelated financing, he learned that the recorded lien remained unsatisfied. When he contacted Bowden to satisfy the lien of record, Bowden refused and stated that principal and unpaid interest was due. Both sides exercised discovery and a full day of trial was necessary to resolve the dispute involving the sole issue raised by the complaint, to wit: whether the lien was satisfied. The trial court found that a balance of $250 remained unpaid and refused to consider and include in the balance any interest on the judgment. Of course, it must be remembered that Autilio did not request that the court arrive at an exact balance of the lien, he requested only that the court determine whether the judgment lien had been satisfied. The trial court appropriately responded and found that Auti-lio’s payments were not sufficient to satisfy the judgment.
The parties filed motions for attorney’s fees pursuant to section 701.04, and it then became the trial court’s duty to determine the prevailing party under that statute and to award fees to that party. The trial court determined that Bowden was the prevailing party and awarded to him $5,235 in fees and $1,320 in court costs. The costs were primarily expert witness fees incurred when Autilio insisted on a formal hearing to determine the amount of fees.
Autilio complains that it is a miscarriage of justice to award the fees and costs to Bowden when the trial court found that only $250 remained of the judgment lien. While we fully sympathize with him on the result, it must be noted that, first, Autilio initiated the suit by invoking the statute with the potential liability for fees if the trial court found that the lien was unsatisfied. That was the only issue that the trial court had been requested to resolve by Autilio. The amount was unimportant. Second, if, before invoking section 701.04, Autilio had initiated an action for an accounting or a declaratory judgment to determine the balance of the lien, he would not have exposed himself to that liability. Third, Autilio’s tactic below and on appeal has been that he would be only satisfied with a decision that fully adopts his position. He failed to raise as issues on appeal whether the amount of the fee awarded to Bowden was supported by the proceedings before the trial court or whether the fee was awarded pursuant to Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
On appeal both parties seek an award of fees pursuant to section 701.04. Although we are reluctant to award the fees to Bowden based upon the facts of this case, we are bound to award fees to the prevailing party pursuant to the statute. See § 59.46, Fla. Stat. (1991). We remand to the trial court for a determination of those fees.
AFFIRMED; REMANDED.
COBB and DIAMANTIS, JJ., concur.

. Section 701.04, Florida Statutes (1991) provides:
Cancellation of mortgages, liens, and judgments. — Within 14 days after receipt of the written request of a mortgagor, the holder of a mortgage shall deliver to the mortgagor at a place designated in the written request an es-toppel letter setting forth the unpaid principal balance, interest due, and the per diem rate. Whenever the amount of money due on any mortgage, lien, or judgment shall be fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom such payment shall have been made, shall execute in writing an instrument acknowledging satisfaction of said mortgage, lien, or judgment and have the same *183 acknowledged, or proven, and duly entered of record in the book provided by law for such purposes in the proper county. Within 60 days of the date of receipt of the full payment of the mortgage, lien, or judgment, the person required to acknowledge satisfaction of the mortgage, lien, or judgment shall send or cause to be sent the recorded satisfaction to the person who has made the full payment. In the case of a civil action arising out of the provisions of this section, the prevailing party shall be entitled to attorney’s fees and costs.